UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY L. ROBINSON, )  | |
| Plaintiff, ) | |
| ) | |
| v. ) Case No. 2:06CV366-CSC | |
| ) | |
| INTERNATIONAL PAPER COMPANY, ) | *Jury Demand* |
| Defendant ) | |

## COMPLAINT

Comes now Plaintiff Henry L. Robinson (hereinafter, "Robinson") against the above-captioned defendant, International Paper Company (hereinafter, "the employer") and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Robinson files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343, to obtain compensatory and punitive damages as well as injunctive and declaratory relief. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e, et seq.), as amended, and 42 U.S.C.A. § 1981. Jurisdiction is proper in the U.S. District Court as a consequence of Robinson's having received a Notice of Right to Sue pursuant to his charge of discrimination filed with the EEOC. This action is timely filed.

2. The violations of Robinson's rights as alleged herein occurred in Autauga County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama. The employer is a foreign corporation and has a place of business and does business within Autauga County in the Middle District of Alabama. Venue is thus

proper in the Middle District of Alabama, pursuant to 28 U.S.C. § 1391(c).

## PARTIES

3. Robinson, who is over the age of 19 years, is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama. Robinson is a Black male employee of the employer.

4. The employer is a business entity doing business in Autauga County, Alabama, a better denomination of which is presently unknown to Robinson, and at all times material hereto was the employer of Robinson.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a declaratory judgment as to Robinson's rights and for a permanent injunction, restraining the employer from maintaining a policy, practice, custom or usage of discrimination against Robinson because of his race with respect to employment, promotion, compensation, terms, conditions and privileges of employment. The Complaint also seeks restitution to Robinson of all rights, privileges, benefits and income that would have been received by Robinson but for the employer's unlawful and discriminatory practices. Further, Robinson seeks compensatory and punitive damages for the wrongs alleged herein.

6. Robinson avers that the employer denied Robinson his rights under the laws of the United States of America and that such actions by the employer were designed to discriminate against him as to employment.

7. Robinson avers that the alleged wrongful actions were designed to prevent him and others similarly situated from obtaining an equality with White persons in employment, promotions and pay.

8. Robinson avers that the actions of the employer were intended to specifically deny his rights because he is Black.

9. As a proximate result of the illegal actions alleged above, Robinson has been damaged in that he has been deprived of promotion, higher pay, and opportunity for further promotion and pay increases.

10. As a direct and proximate result of the aforesaid acts of the employer, Robinson has suffered loss of promotions, elevated status, pay, and benefits, has suffered great mental anguish from then until now, and will continue to suffer in the future, and has been greatly humiliated.

11. Robinson avers that the employer acted willfully, knowingly and purposefully with the specific intent to deprive Robinson of his rights as alleged above and to cause Robinson mental anguish and public ridicule and to discriminate against him because of his race, or that it acted recklessly, wantonly, and in knowing violation of Robinson's substantial rights, knowing that he was substantially certain to suffer as a consequence.

## FACTS

12. Robinson expressly adopts as if fully set forth herein the allegations of each and all of the preceding paragraphs.

13. Robinson was employed by the employer approximately 31 years ago and presently is employed as a Number One Operator at the employer's industrial plant in Prattville, Autauga County, Alabama.

14. Robinson desired to be promoted to Crew Chief, a level higher than the one he now occupies.

15. The employer's policy requires that an applicant for Crew Chief be trained in a process

that requires approximately six months, and that he be required to demonstrate competence on approximately 97 separate tasks examination before being promoted to Crew Chief.

16. Robinson underwent the requisite training and as of January 20, 2005, had successfully demonstrated his competence as to the requisite tasks and he had been certified as competent by his trainers.

17. During the period of his training, Robinson was not permitted to work overtime and earn overtime pay, as all White trainees had been permitted to do.

18. Robinson's higher level supervisors, Frank Fisher and Tim Stocker, refused to sign off on Robinson's training.

19. Robinson was referred for more training.

20. On or about June 2, 2005, Robinson was "tested" by being required to perform a "cold start" of a paper machine. Performing a cold start is a five-hour process, more or less.

21. Robinson was permitted no assistance from any trainer in performing the cold start. He could have assistance from subordinates only if he directed each task of the operation.

22. Upon information and belief, Robinson was the only person ever denied input or assistance of a trainer in performing a first cold start.

23. Robinson had difficulties with the cold start, all stemming from machine problems.

24. A successful candidate for the Crew Chief position, Jeff Corbin, a White male, was not required to perform a cold start.

25. He was not even required to perform a "warm start" alone, as he had the assistance of another Crew Chief, Willie Perry.

26. Robinson had more seniority at the time of the promotion than Corbin.

27. Corbin was no better qualified at the time of the promotion than Robinson.

28. Robinson was denied promotion, and Jeff Corbin was promoted to the Crew Chief position.

29. Later during 2005, Robinson was again turned down for an open Crew Chief position. In that case, Larry McMichael, White male, received the promotion.

30. Robinson had more seniority at the time of the promotion than McMichael.

31. McMichael was no better qualified at the time of the promotion than Robinson.

32. When McMichael performed his first cold start, he had input and assistance from another Crew Chief.

33. McMichael experienced the same difficulties with the cold start as Robinson had experienced, but in McMichael's case, the difficulties were attributed by management to machine problems, as should have been the case with Robinson.

34. Robinson was subjected to more intense scrutiny in the performance of his job than were similarly situated White persons and was required to demonstrate far more capabilities than similarly situated White persons.

35. Robinson has been subjected to discrimination

36. As a direct and proximate result, Robinson has been injured and damaged in that he has been deprived of a promotion, of increased pay, opportunities for further job advancement, and other emoluments of increased authority and responsibility. In addition, he has been caused to suffer severe emotional distress and mental anguish, embarrassment, and loss of enjoyment of living.

## CAUSES OF ACTION

37. Robinson expressly adopts as to each cause of action as if set forth therein the averments

of each of the foregoing paragraphs.

## COUNT I – RACE DISCRIMINATION UNDER 42 U.S.C.A. § 2000e, et seq.

38. Robinson is fully qualified for the position he held with the employer, and he has always performed his job in a manner that has met the employer's reasonable expectations.

39. Robinson is a member of a protected class, Black.

40. A higher position became open.

41. Robinson had made known to upper management his interest in promotion to a higher position.

42. Robinson was fully trained and qualified for promotion to the higher position.

43. Robinson was denied promotion to the higher position.

44. A member of a non-protected class, White, who was no better qualified than Robinson was selected for the position.

45. Robinson further avers that the employer's discrimination based on race had the effect of limiting and/or segregating him from other workers and applicants, thereby depriving him of an employment opportunity.

46. Robinson has been damaged as a result in that he has suffered a loss of status, prestige, pay and benefits, and he has suffered great embarrassment, humiliation, emotional distress and severe mental anguish.

## COUNT TWO - RACE DISCRIMINATION UNDER 42 U.S.C.A. § 1981

47. Robinson is fully qualified for the position he held with the employer, and he has always performed his job in a manner that has met the employer's reasonable expectations.

48. Robinson is a member of a protected class, Black.

49. A higher position became open.

50. Robinson had made known to upper management his interest in promotion to a higher position.

51. Robinson was fully trained and qualified for promotion to the higher position.

52. Robinson was denied promotion to the higher position.

53. A member of a non-protected class, White, who was no better qualified than Robinson was selected for the position.

54. Robinson further avers that the employer's discrimination based on race had the effect of limiting and/or segregating him from other workers and applicants, thereby depriving him of an employment opportunity.

55. Robinson has been damaged as a result in that he has suffered a loss of status, prestige, pay and benefits, and he has suffered great embarrassment, humiliation, emotional distress and severe mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, Robinson demands judgment for himself and against the employer as follows:

a) Robinson prays that the Court will enter a declaratory judgment that the practices complained of herein are unlawful and violative of 42 U.S.C.A. § 2000e, et seq., and 42 U.S.C.A. § 1981;

b) Robinson prays that the Court will Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of law that they do not discriminate on the basis of race;

c) Robinson demands compensatory and punitive damages of Three Hundred Thousand Dollars as to claims cognizable under 42 U.S.C.A. § 2000e by and

through 42 U.S.C. 1981(a), and further demands compensatory and punitive damages of Three Hundred Thousand dollars as to claims cognizable under 42 U.S.C.A. § 1981;

d) Robinson prays that the Court will grant him the cost of this action including reasonable attorneys' fees;

e) Robinson prays that the Court will grant him such equitable relief as may be available under relevant statutes as to which he may be entitled, including back pay;

f) Robinson prays, in the alternative, that he be granted nominal damages and equitable relief;

g) Robinson prays that the Court will enjoin the employer from any further discrimination;

h) Robinson prays that the Court will grant to him such other, further and different relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED on this the __21__ day of __April__, 2005.

_____
JAY LEWIS (LEW031)
Plaintiff's Attorney

LAW OFFICES OF JAY LEWIS, LLC.
P.O. Box 5059
Montgomery, AL 36103
334-263-7733 (Voice)
334-832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**