IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **HENRY L. ROBINSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 2:06-cv-366 |
| | ) |
| **INTERNATIONAL PAPER COMPANY,** | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant International Paper Company, by and through its attorneys, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1.  Defendant states that the allegations in Paragraph 1 regarding jurisdiction are legal conclusions which Defendant is not required to admit or deny.  Defendant denies that it violated any federal statutes as described in the Complaint and further denies that Plaintiff is entitled to any relief whatsoever from Defendant.  To the extent that a response is required, Defendant denies the allegations and denies that Plaintiff has stated a valid cause of action for which he is entitled to any relief under any legal basis.

2.  Defendant denies that it committed any violation of law or of Plaintiff's rights.  Defendant admits the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff is over the age of 19 and that Plaintiff is an African American male. Defendant admits that its records reflect that Plaintiff was last known to live in Mobile County, Alabama. Defendant denies any remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits that it does business in Autuaga County, Alabama and that it is the employer of Plaintiff. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint is a description of Plaintiff's claims. Defendant admits that Plaintiff purports to seek declaratory judgment, a permanent injunction, restitution, compensatory and punitive damages. To the extent that a further response is required, Defendant denies that it has violated any laws as alleged in the complaint and states that Plaintiff is not entitled to any relief under any legal basis.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Defendant reasserts and re-alleges each and every one of its responses to the allegations in Paragraphs 1 through 11 of the Complaint.

13. Defendant admits that Plaintiff has been employed at its Prattville, Alabama plant for approximately 31 years. Defendant admits that Plaintiff is currently the First Machine Operator and denies all remaining allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff has described some of the requirements for training for the crew chief job and denies that Plaintiff has described all of the requirements.

16. Defendant admits that Plaintiff underwent training, and denies the remaining allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant admits that Robinson's supervisor did not sign off on Robinson's training, because he failed to successfully complete it.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff was given the opportunity to perform a cold start and denies the remaining allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant admits Plaintiff had difficulties with the cold start up. Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24. Defendant admits that the successful candidate for crew chief successfully completed all requirements for the position; otherwise denied.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant admits the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant admits the allegations in Paragraph 28 of the Complaint.

29. Defendant admits the allegations in Paragraph 29 of the Complaint.

30. Defendant admits the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. In response to Paragraph 37 of the Complaint, Defendant reasserts and realleges each and every one of its responses to the allegations in Paragraphs 1 through 36 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant admits the allegations in Paragraph 39 of the Complaint.

40. Defendant admits the allegations in Paragraph 40 of the Complaint.

41. Defendant admits the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant admits the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant admits the allegations in Paragraph 46 of the Complaint.

49. Defendant admits the allegations in Paragraph 49 of the Complaint.

50. Defendant admits the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant admits the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

To the extent that any allegation in the Complaint was not answered above, Defendant denies such allegation.

Defendant denies that the Plaintiff is entitled to any of the relief requested in Paragraphs (a) through (h) of the Prayer for Relief, and further denies that Plaintiff is entitled to any relief whatsoever from Defendant.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed in whole or in part to state a claim upon which relief can be granted.

2. This action and the remedies sought may be barred by the failure of Plaintiff to comply with all conditions precedent to the commencement of this action.

3. To the extent that Plaintiff has suffered any damages or injuries, which is denied, he has failed to mitigate those damages and his claims for relief are therefore barred.

4. Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits and by any damages caused by Plaintiff to International Paper.

5. At all times referred to in Plaintiff's Complaint, International Paper dealt with Plaintiff in good faith and in no way acted wantonly, maliciously or oppressively.

6. International Paper has, at all times, treated Plaintiff in a fair and non-discriminatory manner and has legitimate business reasons for its decision.

7. International Paper avers that it makes good faith efforts to comply with federal and state law.

8. International Paper avers that Plaintiff's claims for punitive damages are barred because he cannot prove by clear and convincing evidence that International Paper acted with actual malice relative to him.

9. International Paper avers that this action is if frivolous, unreasonable, and groundless, and accordingly, International Paper is entitled to attorneys' fees and other costs associated with the defense of this action.

10. The complaint of plaintiff is barred in whole or in part by the applicable statute of limitations.

11. The complaint of plaintiff is barred in whole or in part for failure to exhaust administrative remedies.

12. The complaint of plaintiff is pre-empted in whole or in part by State or Federal law.

WHEREFORE, having fully answered Plaintiff's Complaint, International Paper respectfully urges this Court to deny the Plaintiff the relief he requests, to dismiss this action against International Paper, and to grant International Paper its reasonable attorneys' fees and costs, together with such and other further relief as this Court may deem proper.

/s/Sandy G. Robinson
**SANDY G. ROBINSON – ROBIS5756**
**CABANISS, JOHNSTON, GARDNER,**
  **DUMAS & O'NEAL LLP**
Post Office Box 2906
Mobile, Alabama  36652
251/415-7308 Telephone
251/415-7350 Facsimile
sgr@cabaniss.com

Nicole Marie Walthour, Esquire
International Paper Company
6400 Poplar Avenue
Memphis, Tennessee  38197
901/419-3850 Telephone
901/419-3854 Facsimile
Nicole.Walthour@ipaper.com

ATTORNEYS FOR DEFENDANT
International Paper Company

**CERTIFICATE OF SERVICE**

    I hereby certify that on this **30th** day of **May, 2006,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Jay Lewis, Esquire
        J-Lewis@JayLewisLaw.com


        /s/Sandy G. Robinson_____
        Of Counsel